Care., J.
In Shermer v. Beale and Gordon v. Frazier, and other cases, both english and american, it is laid down, that such an indorsement as that on the deed from Beverley to Lewis, is to be taken as a part of the deed; yet the circuit court admitted the deed and rejected the indorsement. This was clearly wrong. What may be the weight of that indorsement as evidence, would be matter for the jury, after it should be before them. On this point, the *425 court below lias given no opinion, nor need we. The judgment should be reversed, and the cause sent back for anew trial.
Cabell, ./.
The indorsement on the deed, was a part of the deed. It ought, therefore, to have been suffered to go to the jury, as evidence. The circuit court erred in excluding it; and for this cause, the judgment should be reversed.
Tucker, P.
I think, there can be no doubt that the court erred in excluding the indorsement on Beverley’s deed to Lewis from the jury. That indorsement was a part of the deed, whatever might be its effect. Burgh v. Preston, 8 T. R. 483. 1 Bac. Abr. Condition. C. p. 634. Gordon v. Frazier, 2 Wash. 130. Tf the deed was introduced at all, it could not properly be garbled. The whole of it should have gone to the jury.
Indeed, the effect of the exception in the deed, was to create a tenancy in common, in the first instance, between Beverley and Lends, the former having an undivided interest of two acres in the tract. Now the ejectment was for the two acres out and out. It was a claim in severalty; and it was, therefore, important to the defendant to shew, that the plaintiff had no right to turn him entirely out of possession, but only a right to recover his own social possession in the property. Had this indorsement on the deed been introduced in evidence, it would have shewn Stone’s title to an undivided interest to the extent of two acres, and the verdict instead of being for two acres in severalty, to which Hansbrough had no right, would have been for his undivided portion thereof.
I am of opinion, therefore, to reverse the judgment, set aside the verdict, and send the cause back for further proceedings ; remarking, however, that the facts disclosed shew a case much more proper for a bill in equity for partition, than for an ejectment.
Judgment reversed.